IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. MOON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ADAM L. MOON, APPELLANT.

Filed May 23, 2023.    No. A-22-775.

Appeal from the District Court for Douglas County: TODD O. ENGLEMAN, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Theodore C. Turnblacer, Jr., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Adam L. Moon appeals his plea-based conviction of attempted sexual assault through the use of a communication device. He contends that the sentence imposed was excessive and that his trial counsel was ineffective for admitting evidence at the sentencing hearing that supported a harsher sentence. For the reasons set forth herein, we affirm.

### STATEMENT OF FACTS

Moon was charged with sexual assault through the use of a communication device, a Class ID felony. Pursuant to a plea agreement, Moon pled no contest to an amended charge of attempted sexual assault – use of a communication device, a Class II felony. Because the plea hearing is not part of the record before this court, the factual basis supporting the plea is taken from the presentence investigation report: In April 2020, law enforcement conducted an investigation

involving sexual assault – use of an electronic communication device. During this investigation, law enforcement placed an ad on a website commonly known for prostitution. This ad was patterned after other prostitution ads on the website and offered sexual services in exchange for money and listed an undercover phone number. The officer working in an undercover capacity was posing as a 15-year-old female. On April 14, Moon contacted the undercover phone number listed in the prostitution ad and a text message conversation ensued. During that text message conversation, Moon corresponded with an individual he believed to be a 15-year-old girl and agreed to pay $200 for an hour of time to include "full sex" which refers to sexual intercourse. During the text conversation, Moon was told, and acknowledged, that the female was 15 years old.

At the sentencing hearing, the district court stated:

In preparation for the sentence, I've reviewed the presentence report which contains the police reports, as well as the [probation] investigation as well. As your counsel said, sending thousands of messages, because I read them all. In determining the appropriate sentence in this case, I have considered the [statutory] factors set forth in . . . 29[-]2260; as well as [Moon's] age, mentality, education and experience, social and cultural background, past criminal record, record of law abiding conduct, the motivation for the offense and the nature of the offense, the amount of any violence involved in the commission of the offense. What I got from looking through there is, you were preying on the weakest and the most vulnerable people in our community. To characterize what you were doing as an unhealthy addiction grossly understates what you were doing. This wasn't an unhealthy addiction. To say you didn't view these people as real people or scam bots.

Again, I read all of the messages, this wasn't a game. I find a sentence of probation would not be appropriate as a lesser sentence would depreciate the seriousness of the offense and promote disrespect for the law.

The district court sentenced Moon to 8 to 14 years' imprisonment with credit for 4 days served. Moon has timely appealed to this court and is represented by different counsel than represented him during his plea and sentencing.

ASSIGNMENTS OF ERROR

Moon assigns as error that the sentence imposed was excessive and that his trial counsel was ineffective for admitting evidence at the sentencing hearing that supported a harsher sentence.

STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *State v. Johnson*, 314 Neb. 20, 988 N.W.2d 159 (2023).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirements. *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022);

*State v. Betts*, 31 Neb. App. 737, ___ N.W.2d ___ (2023). An appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *State v. Warner, supra*; *State v. Betts, supra*.

ANALYSIS

EXCESSIVE SENTENCE

Moon contends that the sentence imposed was excessive. He contends that "[t]he district court's comments at sentencing evidence that the court sentenced . . . Moon based on the nature of the case, and failed to meaningfully consider other mitigating factors . . ." Brief for appellant at 9.

Moon was convicted of attempted sexual assault through the use of an electronic communication device, a Class II felony. See, Neb. Rev. Stat. § 28-201 (Reissue 2016); Neb. Rev. Stat. § 28-320.02 (Reissue 2016). His sentence of 8 to 14 years' imprisonment is within the statutory sentencing range for Class II felonies which are punishable by 1 to 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Further, Moon benefitted from his plea agreement which reduced a Class ID felony to a Class II felony.

Here, the district court stated that it had reviewed the presentence report as well as the statutory factors in determining Moon's sentence. Although Moon contends that the court placed undue emphasis on the nature of the case and did not appropriately consider the mitigating factors, the Nebraska Supreme Court has rejected the notion that a sentencing court is required to articulate on the record that it has considered each sentencing factor and to make specific findings as to the facts that bear on each of those factors. See *State v. Thomas*, 311 Neb. 989, 1006, 977 N.W.2d 258 (2022).

At the time that the presentence investigation report was prepared, Moon was 48 years old, married, and had two dependents. He had obtained a master's degree and was self-employed as a curriculum content creator. Although Moon had no prior criminal history and was assessed as a low risk to reoffend and Moon stated that he "never followed through with paying for any sexual acts," information contained in the PSI revealed that the current incident was not the first time that Moon had responded to an advertisement for an underage girl. He had engaged in a similar situation in 2019 when he discussed sexual acts with an undercover officer posing as a 15-year-old girl and agreed to pay $150 for one hour of time. During the course of the 2019 investigation, Moon agreed to meet the 15-year-old girl in front of a specific gas station, he arrived at the gas station, left after texting that he did not think that she was real, but returned after he was assured that she was real.

Further, Moon admitted that he spent "increasing amounts of time engaging in online conversations on two adult web pages" and that "[d]uring this time, [he] responded to a number of ads . . . with the intent to troll the people who were posting the ads. The probation officer who completed the PSR noted that "it is unknown the true extent of . . . Moon's intents and actions. . . . Moon has solicited and attempted to lure more than one teen girl in the past, showing that this has been a pattern for him. Whatever his reasons, communicating with minor children in a sexual manner is an illegal act." The probation officer further found that

there was more than one occasion where . . . Moon interacted with what he thought to be a 15[-]year[-]old girl, and it appears that he has at least once, gone to attempt to meet up with

what he though was the girl. Arrangements were spelled out and then he appeared to get nervous, feeling as if police were somehow involved.

Despite Moon's lack of a criminal history and his low risk to reoffend, his sentence is supported by other factors including the benefit he received from his plea agreement, the nature of the offense, his previous contact with an underage girl including an arrangement to meet, the court's finding that a lesser sentence would depreciate the seriousness of the offense and promote disrespect for the law, and the fact that his sentence of 8 to 14 years' imprisonment was near the lower end of the statutory sentencing range of 1 to 50 years' imprisonment. Because we cannot say that the sentence imposed constituted an abuse of discretion, we find that this assignment of error fails.

INEFFECTIVE ASSISTANCE OF COUNSEL

Moon next contends that his trial counsel was ineffective for admitting evidence at the sentencing hearing that supported a harsher sentence. Specifically, Moon contends that trial counsel undermined all the mitigating factors highlighted during the sentencing hearing "by providing the court with thousands of text messages between . . . Moon and prostitutes that spanned years leading up to his arrest." Brief for appellant at 13. Moon asserts that, but for trial counsel's deficient performance, "the district court would have sentenced [Moon] to a much less restrictive sentence, as evidenced by the district court's comments prior to imposing the sentence." Brief for appellant at 14.

As this court recently stated in *State v. Betts*, 31 Neb. App. 737, 745-46, ___ N.W.2d ___, ___ (2023):

> To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Lessley*, 312 Neb. 316, 978 N.W.2d 620 (2022). To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *State v. Lessley, supra*. . . . A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

> When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Warner, supra*. The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id.* Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege

deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

Here, although the record reflects that the approximately 241 pages of text messages were provided to the probation office by trial counsel, the record does not reflect trial counsel's reasoning for doing so. Accordingly, the record is not sufficient to address this claim on direct appeal, but the claim was sufficiently pled and is preserved for postconviction review.

## CONCLUSION

In sum, we determine that the sentence imposed was not an abuse of discretion and that Moon's claim that trial counsel was ineffective for admitting evidence at the sentencing hearing which supported a harsher sentence was sufficiently pled but that the record was insufficient to address this claim on direct appeal. Accordingly, Moon's conviction and sentence are affirmed.

AFFIRMED.