IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. LUPINO


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

DONALD E. LUPINO, APPELLANT.


Filed April 1, 2025.    No. A-24-782.


Appeal from the District Court for Douglas County: J RUSSELL DERR, Judge. Affirmed in part, and in part vacated and remanded with directions.

Timothy J. Anderson, of Dornan, Troia, Howard, Breitkreutz, Dahlquist & Klein, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.


MOORE, BISHOP, and WELCH, Judges.

MOORE, Judge.

INTRODUCTION

Donald E. Lupino appeals from his plea-based conviction in the Douglas County District Court for terroristic threats and possession of a deadly weapon by a prohibited person. His sole assignment of error on appeal is that the district court abused its discretion in imposing an excessive prison sentence. We affirm the sentence on the possession of a deadly weapon conviction, but we vacate the sentence on the terroristic threats conviction and remand with directions as set forth below.

STATEMENT OF FACTS

Lupino was charged by an amended information with terroristic threats, a Class IIIA felony, in violation of Neb. Rev. Stat. § 28-311.01 (Reissue 2016); and possession of a deadly

weapon (not firearm) by a prohibited person, a Class III felony, in violation of Neb. Rev. Stat. § 28-1206(1)(a) & (3)(a) (Cum. Supp. 2022). Although a record from the plea hearing was not included in the bill of exceptions on appeal, the record from the sentencing hearing shows that Lupino pled no contest and was found guilty of the above charges.

A presentence investigation report was prepared, which shows that the charges stemmed from an occurrence on a city bus in which Lupino pulled a knife on a passenger and told the passenger to get off the bus. No further altercation took place, however, the passenger stated that he was in fear for his life.

The district court sentenced Lupino to 3 years' imprisonment on the terroristic threats charge and to 4 years' imprisonment on the possession of a deadly weapon by a prohibited person charge, to be served consecutively. Lupino was granted 152 days' credit for time served on the terroristic threats charge. The court further sentenced Lupino to 2 years of post-release supervision on the weapons charge.

ASSIGNMENT OF ERROR

Lupino assigns that the district court abused its discretion in imposing an excessive sentence.

STANDARD OF REVIEW

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Dejaynes-Beaman*, 317 Neb. 131, 8 N.W.3d 779 (2024).

Consideration of plain error occurs at the discretion of an appellate court. *State v. Mabior*, 314 Neb. 932, N.W.2d 65 (2023), *cert. denied* ___ U.S. ___, 144 S. Ct. 1073, 218 L. Ed. 2d 249 (2024). Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process *Id.*

ANALYSIS

*Excessive Sentence.*

Lupino argues that the sentences imposed by the district court were excessive. He was sentenced to 3 years' imprisonment for the terroristic threats conviction, a Class IIIA felony; and to 4 years' imprisonment for the possession of a deadly weapon by a prohibited person conviction, a Class III felony, followed by 2 years' post-release supervision. A Class IIIA felony is punishable by up to 3 years' imprisonment and up to 18 months' post-release supervision, and a Class III felony is punishable by up to 4 years' imprisonment and up to 2 years' post-release supervision. See Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2022). Thus, Lupino's sentences were within the statutory limits. Nevertheless, Lupino argues that the district court abused its discretion by failing to consider that he has had a "very difficult life," he suffers from Post-Traumatic Stress Disorder, and he desires to "straighten up his life."

The presentence investigation report (PSI) shows that Lupino was 58 years old, a high school graduate, and was currently unemployed due to his incarceration. He was single with no

dependents. His lengthy criminal history dates back to 1983, with felony convictions for second degree murder in 1985 for which he served 10 years in prison, federal assault with a deadly weapon in 2000 for which he served 8 years in prison, felony possession of a deadly weapon by a prohibited person (three times), and felony attempted robbery. He also had multiple convictions for disorderly conduct, trespassing, assault and battery, possession of marijuana and drug paraphernalia, and failure to appear. Additionally, he was convicted of driving under the influence, violation of a protection order, attempted theft by unlawful taking, resisting arrest, assault on an officer through bodily fluid, and shoplifting.

On the Level of Service/Case Management Inventory (LS/CMI), Lupino scored 37, which showed him to be a very high risk to reoffend.

At the sentencing hearing, the district court noted the mitigating factors referenced by Lupino's counsel, including his difficult background and struggles with substance abuse. However, the court also noted that this was a violent crime that involved a weapon, that Lupino had numerous felony convictions (including second degree murder), and that he had a very high score to reoffend on the LS/CMI. The court concluded that the public would be in danger if Lupino was not incarcerated.

In order to show that his sentences were excessive, Lupino must establish that the district court abused its discretion in sentencing him. See *State v Dejaynes-Beaman, supra*. An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*. Lupino has not shown that the district court's sentences clear this high hurdle. The Nebraska appellate courts have, on numerous occasions, set forth the various factors that a trial court is to consider in fashioning a sentence. See, *State v. Geller*, 318 Neb. 441, 16 N.W.3d 365 (2025); *State v. Thomas*, 311 Neb. 989, 977 N.W.2d 258 (2022). There is nothing in the record that suggests the district court did not consider these factors in selecting the sentences it imposed. Neither is there any indication that the district court considered impermissible factors. We find that the district court did not abuse its discretion in imposing the sentences of imprisonment.

*Plain Error.*

A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *State v. Brown*, 317 Neb. 273, 9 N.W.3d 871 (2024). The State asserts that while the district court did not abuse its discretion in sentencing Lupino to 3 years' imprisonment on the terroristic threats conviction, the district court committed plain error by failing to impose a term of post-release supervision on that conviction. We agree.

As noted above, terroristic threats is a Class IIIA felony. Section 28-105(1) provides that a Class IIIA felony is punishable by up to 3 years' imprisonment and 18 months' post-release supervision, with a minimum of 9 months' post-release supervision if imprisonment is imposed. Neb. Rev. Stat. § 29-2204.02(1)(b) (Reissue 2016) requires post-release supervision be imposed within the applicable range in § 28-105. The statutory provisions of §§ 29-2204.02 and 28-105 relating to post-release supervision are mandatory, and a sentence that fails to impose post-release supervision when required is an appropriate matter for discretionary plain error review. *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022).

Neb. Rev. Stat. § 29-2204.02(7)(b) provides that "[i]f a period of post-release supervision is required but not imposed by the sentencing court, the term of post-release supervision shall be the minimum provided by law." Thus, it is clear that the term of post-release supervision for Lupino on the terrorist threats conviction must be 9 months. We therefore vacate the sentence on the terroristic threats conviction and remand the cause with directions to modify the sentences to impose 9 months' post-release supervision. In addition, the district court is required to state whether the terms of post-release supervision on the two convictions are to be concurrent or consecutive. See, § 29-2204.02(7)(c); *State v. Roth, supra*. Further, Neb. Ct. R. § 6-1904 requires that the court enter a separate post-release supervision order that includes conditions pursuant to § 29-2262.

## CONCLUSION

The district court did not abuse its discretion in the sentence imposed for the possession of a deadly weapon conviction. However, the district court plainly erred in failing to impose a period of post-release supervision for the terroristic threats conviction. We vacate the sentence for the terroristic threats conviction and remand the cause with directions to modify the sentence to impose 9 months' post-release supervision and to determine the specific terms of the post-release supervision and whether this term of post-release supervision is concurrent with or consecutive to the term of post-release supervision imposed on the possession of a deadly weapon conviction.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED WITH DIRECTIONS.