IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BROWN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SAMMY L. BROWN II, APPELLANT.

Filed December 9, 2025.    Nos. A-25-273, A-25-275.

Appeals from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Mona Burton, of Anderson, Creager & Wittstruck, P.C., L.L.O., for appellant.

Michael T. Hilgers, Nebraska Attorney General, and Jacob M. Waggoner for appellee.

PIRTLE, BISHOP, and FREEMAN, Judges.

PIRTLE, Judge.

## I. INTRODUCTION

Sammy L. Brown II appeals his plea-based convictions and sentences in two separate cases in the district court for Lancaster County. The cases are consolidated on appeal. Brown argues that the district court abused its discretion by imposing excessive sentences, that the district court abused its discretion by not granting trial counsel's motion to withdraw, and that he was denied effective assistance of counsel. Upon our review, we affirm his convictions and sentences.

## II. BACKGROUND

The State charged Brown with criminal offenses in two separate cases.

On September 21, 2021, Brown was charged with assault on an officer in the second degree, a Class II felony. Brown was also charged with criminal mischief, a Class IV felony. A public defender was appointed to represent Brown on September 27.

- 1 -

On November 16, 2022, Brown was charged with assault on an officer or health care professional in the third degree, a Class IIIA felony.

In January 2024, over two years after Brown's counsel was appointed, Brown's counsel filed a motion to withdraw. The motion alleged that Brown had refused to communicate with his appointed attorney, that he had a mistrust of the Public Defender's Office, specific mistrust for assigned counsel, and that counsel had not been able to meaningfully discuss any aspect of Brown's legal representation with him.

At a hearing to discuss the motion to withdraw, Brown's counsel said that Brown had refused to speak with him since 2022 and that Brown had refused to attend scheduled jail visits. Counsel said that not being able to communicate with Brown impaired his ability to know how Brown wanted his case to proceed. The district court asked Brown if he had anything to say regarding the motion, and Brown did not respond to the court.

The district court found that Brown's actions were within his control, and that he simply refused to cooperate with his attorney. The district court found that there had been no showing of facts that would necessitate removal of counsel. After the district court overruled the motion, Brown's counsel informed the court that he wished to file a notice of intent to rely on the insanity defense. Counsel informed the court he would have filed the notice sooner, but Brown had not communicated with him. The district court acknowledged this and continued the case. Subsequently, Brown's counsel filed a notice of intent to rely on the insanity defense. The district court then ordered a psychological examination of Brown.

On January 30, 2025, Brown agreed to plead no contest to the amended information in both cases. In case No. 25-273, Brown pled no contest to one count of assault in the third degree, a Class I misdemeanor. In case No. 25-275, Brown pled no contest to attempted assault on an officer in the second degree, a Class IIA felony.

Prior to accepting Brown's pleas, the district court advised him that he was giving up certain constitutional rights, including the right to a jury trial, the right to confront witnesses against him, the right to present evidence in his defense, and the right against self-incrimination. The court additionally advised Brown of the charges against him and the range of penalties.

The State provided a factual basis to support Brown's no contest pleas. In case No. 25-273, the State would have provided evidence at trial which showed that on November 26, 2021, Brown, an inmate in the Lancaster County Jail, threw hot coffee on a corrections officer. The corrections officer was interviewed and stated that while working he intervened in an argument between Brown and another inmate. The officer then said that he told Brown to return to his cell, and once inside his cell the officer told Brown that he would be on lockdown for the rest of the shift. Brown then got upset, yelled an expletive, and threw his cup of hot coffee at the officer. The coffee struck the officer on the right side of his face and arm, causing discomfort and redness of his face. Inmates and other corrections officers heard that Brown was telling other inmates that he was trying to burn the officer's face off.

In case No. 25-275, the State provided a factual basis that on September 21, 2021, officers from the Lincoln Police Department were dispatched at approximately 3:51 a.m. to investigate a suspicious party. The report indicated that there was somebody driving on the reporting party's lawn, and officers observed that a vehicle was perpendicular to the road. Officers began pursuit and turned on their emergency lights to stop the driver of the vehicle. The vehicle then executed a

U-turn, and officers also turned their cruiser around to continue their pursuit. The vehicle conducted another U-turn at full speed and began accelerating directly toward the police officers' cruiser, ultimately striking the cruiser head on. The crash caused the airbag to deploy in the cruiser, injuring the officer. Other officers eventually stopped the vehicle, and the driver, who was identified to be Brown, was subsequently arrested.

The district court asked Brown if he had discussed the plea proceedings with counsel prior to the hearing. Brown agreed that his counsel explained the charges in each amended information, all possible defenses to the charges he might have had if he had gone to trial, and discussed Brown's rights with him. At the plea hearing, Brown stated that he did not like his attorney and that he had differences with his attorney. However, Brown stated that he had enough time to talk about the pleas with his attorney and that it was his decision to plead no contest to the amended informations.

As a part of the plea agreement, the State agreed in each case to reduce the charges in the original informations, and Brown understood the plea agreement to do so. Brown stated that he found the plea agreement agreeable.

The district court found beyond a reasonable doubt that Brown understood the nature of the charges; that he understood the possible penalties; and that the pleas were made freely, knowingly, intelligently, and voluntarily. The court accepted Brown's no contest pleas and found him guilty of the offenses in each of the amended informations.

Following the entry of Brown's pleas, and the court's review of the presentence investigation report (PSR), it sentenced Brown to a period of not less than 6 months, nor more than 1 year of imprisonment for the assault in the third degree; and to a period of not less than 8 years, nor more than 12 years of imprisonment for the attempted assault on an officer. The court ordered that the two sentences run consecutively to each other. The district court gave Brown credit for 1,121 days served.

On April 9, 2025, Brown filed a notice of intent to appeal in each case. We granted the State's motion to consolidate the appeals for disposition in this court.

### III. ASSIGNMENTS OF ERROR

Combined and restated, Brown assigns that the district court erred by imposing excessive sentences and denying his attorney's motion to withdraw. Brown also assigns that he received ineffective assistance of trial counsel in four respects.

### IV. STANDARD OF REVIEW

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within statutory limits. *State v. Woolridge-Jones*, 316 Neb. 500, 5 N.W.3d 426 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

An appellate court reviews a trial court's rulings on motions to withdraw as counsel and motions to dismiss appointed counsel and appoint substitute counsel for an abuse of discretion. *State v. Figures*, 308 Neb. 801, 957 N.W.2d 161 (2021).

Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Npimnee*, 316 Neb. 1, 2 N.W.3d 620 (2024). In reviewing a claim of ineffective assistance of counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id.*

## V. ANALYSIS

### 1. EXCESSIVE SENTENCES

Brown first assigns that the district court imposed excessive sentences. He argues that the court did not "fully consider" Brown's background. Brief for appellant at 13. Brown specifically alleges the court did not consider his advanced age, evidence that he showed significant improvement in mental health and sobriety while in jail, evidence he had taken advantage of jail programs, and that he was still suffering from intense grief from the loss of his sister.

Brown was convicted of one count of assault in the third degree, a Class I misdemeanor. A Class I misdemeanor is punishable by a maximum of 1 year imprisonment, a $1,000 fine, or both. Neb. Rev. Stat. § 28-106 (Reissue 2016). Brown was also convicted of one count of attempted assault on an officer in the second degree, a Class IIA felony. A Class IIA felony is punishable by up to 20 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024). Accordingly, his sentences were within the statutory limits.

When a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Barnes*, 317 Neb. 517, 10 N.W.3d 716 (2024). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Brown's argument amounts to a request for this court to reweigh certain sentencing factors and impose a different sentence. However, it is not the appellate court's function to conduct a de novo review of the record to determine what sentence it should impose. *Id.* At the sentencing hearing, the district court articulated that it reviewed Brown's PSR, criminal history, and other relevant factors. Brown possesses a lengthy criminal history. Starting in 1995, the court noted that Brown had multiple convictions: assaults, resisting arrests, obstructing police officers, and an assault on an officer. At the time Brown committed the offenses at issue, he was on post-release supervision for another offense. The court also examined the video of the attempted assault on an officer in the second degree, and even though Brown claimed he did not know what he was doing

due to his use of controlled substances, the court opined that it did not negate the seriousness of the offense.

There is nothing in the record to indicate that the district court failed to consider relevant sentencing factors; therefore, we find no abuse of discretion by the district court in the sentences imposed.

## 2. MOTION TO WITHDRAW

Brown next assigns that the district court erred when it overruled counsel's motion to withdraw from representing Brown. Brown argues that he was prejudiced by this as his trial counsel was incompetent due to the delay surrounding Brown's being found competent and trial counsel's filing of the notice of intent to rely on the insanity defense. Brown asserts that the court's failure to sustain this motion forced him to carry on with proceedings with counsel, with whom he did not communicate.

Appointed counsel must remain with an indigent accused unless one of the following conditions is met: (1) the accused knowingly, voluntarily, and intelligently waives the right to counsel and chooses to proceed pro se; (2) appointed counsel is incompetent; or (3) the accused chooses to retain private counsel. *State v. Thomas*, 311 Neb. 989, 977 N.W.2d 258 (2022).

The district court found that there was no showing that Brown's trial counsel was incompetent. The record establishes that Brown, not trial counsel, was the one who contributed to delays in the competency examination and the filing of the notice of intent to rely on the insanity defense. The record reflects that prior to the filing of the motion to withdraw, Brown refused to attend a competency evaluation or talk to his appointed counsel about strategies. The record clearly indicates that Brown's counsel would have filed the notice had Brown spoken with him. Brown's counsel, after explaining the circumstances of the delay, was also able to file the notice. Brown underwent an insanity evaluation and was found to not meet the criteria in either case against him.

Further, we will not permit a defendant to benefit from their own bad behavior during proceedings. See *State v. Trail*, 312 Neb. 843, 981 N.W.2d 269 (2022). Brown was actively ignoring his own counsel and the judge throughout his case, which prolonged the proceedings and delayed the time in which certain examinations were held and motions were filed. Brown caused the very issues for his counsel that he complains of on appeal. Brown could have found counsel to be efficient and competent had he chosen to utilize the resource appointed to him.

We find the court applied the correct standard and did not abuse its discretion.

## 3. INEFFECTIVE ASSISTANCE OF COUNSEL

Brown next assigns that his trial counsel was ineffective because he (1) failed to adequately communicate with Brown throughout the case, (2) failed to file the notice for plea of not responsible by reason of insanity in a timely manner, (3) failed to convey Brown's version of events at sentencing, and (4) failed to provide Brown with complete discovery, including video evidence.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Clark*, 315 Neb. 736, 1 N.W.3d 487

(2024). However, the fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that the trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Clark, supra.* To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Anthony*, 29 Neb. App. 839, 961 N.W.2d 545 (2021). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. Clark, supra.*

### (a) Failure to Adequately Communicate

Brown assigns that trial counsel failed to adequately communicate with him to prepare a defense and to explore his options. Brown contends that he was frustrated he had not seen his attorney in 2 years and told the district court that he was "'not really' satisfied" with his trial counsel. Brief for appellant at 16. But these complaints are not sufficient allegations of deficient performance. In fact, the record indicates that it was not counsel, but rather Brown, who was refusing to adequately communicate. Brown's trial counsel said on the record that he constantly attempted to communicate with Brown, and Brown did not disagree with counsel, and further he did not say anything at all even when asked by the court if he had anything to say. The record is sufficient to resolve this claim, and Brown cannot establish deficient performance; therefore, we conclude that this argument fails.

### (b) Failure to File Notice for Insanity Defense

Brown next assigns that his trial counsel was ineffective because his counsel failed to file the notice for plea of not responsible by reason of insanity in a timely manner. However, the record shows that despite Brown's lack of communication, Brown's trial counsel filed the notice for plea of not responsible by reason of insanity. Brown's trial counsel informed the court it would have filed the notice sooner, but Brown had not communicated with him. The record shows that the district court ordered a psychological examination to determine whether Brown was legally insane at the time of the offense, because trial counsel filed such notice. The psychological examination concluded that Brown did not meet the criteria for the standard of insanity in either case, and whether or not Brown's trial counsel would have filed the motion sooner would not have changed the result of this examination. Even if Brown would have liked the notice to be filed sooner, he cannot establish deficient performance or prejudice; therefore, we conclude that the argument fails.

### (c) Failure to Assert Brown's Version of Events

Brown asserts his trial counsel was ineffective because he failed to articulate Brown's version of events at the sentencing hearing. Specifically, he argues that counsel should have told the court that he was suffering from delusional paranoia at the time of the incident and that he did not know that the vehicle he hit was a police cruiser.

We determine the record is sufficient to address this claim and that Brown cannot demonstrate he was prejudiced by the alleged error. As noted previously, the district court articulated on the record that it had reviewed the PSR. Notably, the PSR contained Brown's version of events where he had claimed to be suffering from delusional paranoia. The court even acknowledged this when it stated in response to Brown,

> I understand, Mr. Brown, that – that that's your position, and that you may have – you know, I – I guess, one who indicates that they've consumed a controlled substance and/or substance that renders them unable to recall or to know what they're doing, that's – to me, that's not an excuse. It just simply isn't.

Because the record demonstrates that the court knew about Brown's perspective, and had considered his differing version of events, we determine there is not a reasonable probability that a different outcome would have occurred if his attorney had articulated his version of events at the sentencing hearing. Therefore, we conclude that this assignment fails.

### (d) Failure to Provide Discovery

Lastly, Brown assigns that his trial counsel was ineffective because he failed to provide him with an opportunity to review the video of Brown ramming a police cruiser. Brown essentially contends that if he was given an opportunity to review the video before sentencing or before pleading no contest, he could have discussed his recollection of the incident with counsel.

We determine the record is sufficient to find that there is not a reasonable probability Brown would have insisted on going to trial if he had been given an opportunity to watch the video of the offense. The video shows Brown driving on sidewalks in a neighborhood, U-turning, driving over a small tree, and ramming into a police cruiser. Although Brown claims he would have been in a better position to discuss the case with his attorney if he had watched the video, he fails to explain how watching a video of him committing a crime would have made him insist on going to trial or reduce his sentence. Further, Brown repeatedly refused to communicate with his counsel in general; otherwise, perhaps counsel would have attempted to provide this discovery to him. Consequently, Brown is unable to demonstrate how he was prejudiced by this alleged error. Therefore, we conclude that this assignment fails.

### VI. CONCLUSION

We determine that the district court did not abuse its discretion in sentencing Brown or in overruling trial counsel's motion to withdraw. Brown's claims that his trial counsel was ineffective also fail.

AFFIRMED.