IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. FIERRO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.

KRISTIN FIERRO, APPELLANT.

Filed December 26, 2023.    No. A-23-231.

Appeal from the District Court for Dawson County: JAMES E. DOYLE IV, Judge. Affirmed.

Brian J. Davis, of Davis Law, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Kristin Fierro appeals her conviction for perjury from the Dawson County District Court. She assigns that there was insufficient evidence to support her conviction and her trial counsel was ineffective in advising her to waive her right to a jury trial. We determine that the evidence was sufficient to support her conviction and we reject her ineffective assistance of counsel claim. Therefore, we affirm.

## BACKGROUND

In May 2020, a complaint was filed against Fierro in the county court for Dawson County alleging second degree forgery. It alleged that Fierro "with intent to deceive or harm" completed a written instrument affecting the legal right of another. In June, Fierro pled no contest to the charge. Prior to the county court accepting her plea, she was advised of the nature of the charge, and the court found that she knowingly, voluntarily, and intelligently entered into her no contest

plea. The court determined a factual basis for her plea existed, and Fierro was found guilty and sentenced to pay a $100 fine.

On July 16, 2020, Fierro was arrested for theft by unlawful taking ($0-$500) after she was accused of stealing a rug from a local laundromat. She was subsequently charged with theft.

*Theft Trial.*

Fierro was tried by a jury for the theft charge on February 19, 2021. Fierro took the stand to explain the circumstances of her alleged theft and was sworn under oath. During her testimony, the following exchange occurred on cross-examination:

> [Prosecution:] In the last – in this state or in any other state or in the United States, have you ever been convicted of a felony or a crime involving dishonesty within the last 10 years?
>
> [Fierro:] No.

Fierro was ultimately found not guilty of theft by unlawful taking.

*Perjury Charge.*

Following the theft trial, the State contacted Sergeant Erik Rowan of the Lexington Police Department and requested that he investigate whether Fierro had committed perjury in her testimony. After receiving and reviewing the transcripts from the theft trial, Rowan concluded that Fierro had committed perjury when she stated she had not been convicted of a crime of dishonesty. Rowan later arrested Fierro and cited her for perjury.

Fierro was charged in the county court and bound over to district court. Fierro filed a plea in abatement claiming that the bindover to district court was not supported by sufficient evidence and was in violation of various constitutional protections. The district court disagreed, and after a hearing, issued an order overruling the plea in abatement.

*Perjury Trial.*

At the pretrial hearing on her charge of perjury, Fierro informed the district court that she intended to waive her right to a jury trial. Fierro affirmed that she had spoken with her lawyer about waiving her right to a jury.

At trial, the district court informed Fierro of her constitutional right to a jury trial. It also asked Fierro a series of questions to ensure she was waiving her right to a jury trial knowingly, voluntarily, and intelligently. The district court then accepted Fierro's waiver.

The district court received four exhibits into evidence: a journal entry from Fierro's theft trial in which she was found not guilty; a journal entry from her plea hearing and sentencing on the forgery conviction; the complaint filed in the forgery action; and a partial transcript from the theft trial that included Fierro's testimony denying conviction of a crime of dishonesty.

The State's sole witness was Rowan who testified as to his investigation into the alleged perjury. He testified that during the theft trial, Fierro was asked if she had "ever been convicted of a felony or a crime involving dishonesty" in the last 10 years and she responded "no." Based upon Fierro's 2020 conviction of forgery, he knew that not to be true.

Fierro testified on her own behalf to explain that she believed the question at her theft trial was asking her only if she had been convicted of a felony. She claimed that at the time of her testimony, she did not know what a crime of dishonesty was.

Fierro's defense attorney who represented her on the theft charge also testified. He explained that at the time of Fierro's theft trial, he was unaware of her criminal history. He clarified that when she responded "no" to the State's question regarding her criminal history and there was no impeachment, he thought they "were over that hump." Had he known about the forgery conviction, he would have questioned her regarding crimes of dishonesty on redirect examination so she could rectify her mistake.

*Judgment of Conviction.*

The district court found Fierro guilty of perjury. It found that the State proved beyond a reasonable doubt that when Fierro testified that she had not been convicted of a crime of dishonesty, she did not believe the statement to be true. It explained to find otherwise would negate the adjudicative facts established by the county court in 2020.

The district court found that Fierro's statement was material and forgery was a crime of dishonesty. It also identified two adjudicative facts from the county court to aid its analysis. First, Fierro knew she was charged with forgery when she entered into her plea of no contest. Second, Fierro knew that forgery is a crime committed with the "intent to deceive." The district court found that the plain, ordinary, and commonly known definitions of "dishonesty" includes, "lack of honesty or integrity: disposition to defraud or deceive." It concluded that because Fierro knew she was charged with forgery, which was a crime committed with the intent to deceive, and the definition of dishonesty included the "disposition to defraud or deceive," then she must have known that forgery was a crime of dishonesty when she responded "no" to the question regarding a prior conviction of a crime of dishonesty.

At sentencing, Fierro told the district court, "I honestly was misguided if anything as far as my bench trial or my right to waive a jury trial. I was also misguided as far as my history of my criminal record." Fierro was sentenced to 90 days' incarceration and 9 months of post-release supervision. Fierro appeals.

## ASSIGNMENTS OF ERROR

Fierro assigns there was insufficient evidence to support her conviction and her trial counsel was ineffective for advising her to waive her right to a jury trial, and that the waiver was not made intelligently, knowingly, or voluntarily.

## STANDARD OF REVIEW

In reviewing a criminal conviction for a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence, and such matters are for the finders of fact. *State v. Bryant*, 311 Neb. 206, 971 N.W.2d 146 (2022). The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved on direct appeal; the determining factor is whether the record is sufficient to adequately review the question. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). The record is sufficient to resolve on direct appeal a claim of ineffective assistance of counsel if the record affirmatively proves or rebuts either deficiency or prejudice with respect to the defendant's claims. *Id*.

ANALYSIS

*Sufficiency of Evidence.*

Fierro argues that the district court erred in finding that she knew the definition of a crime of dishonesty or that she believed her statement at trial was untrue. She claims the State failed to meet its burden by proving that she knew she had committed a crime of dishonesty.

A person is guilty of perjury, if, in an official proceeding, he or she (1) makes a false statement under oath, (2) the statement is material, and (3) he or she does not believe it to be true. See Neb. Rev. Stat. § 28-915 (Reissue 2016). Fierro does not deny that her statement was false, nor does she dispute its materiality; therefore, our focus is on the third element: whether Fierro did not believe her statement to be true when she made it.

The knowledge of falsity may be inferred by the trier of fact from the surrounding circumstances, and such an inference may be derived from several sources: the objective falsity itself, a motive to lie, or facts tending to show generally that defendant knew his or her affirmation was false. *State v. McCaslin*, 240 Neb. 482, 482 N.W.2d 558 (1992). Objective falsity as proof of knowledge arises when actual falsity is established and defendant's awareness of it is inescapable and self-evident. *Id*. Proof of the falsity of a response may circumstantially imply knowledge that such was untrue when uttered. *Id*.

In *State v. McCaslin, supra*, the defendant was convicted of making a false statement under oath in violation of Neb. Rev. Stat. § 28-915.01 (Reissue 1989) and of perjury under § 28-915. Both crimes require proof that the person making the statement does not believe it to be true. In a prior trial, the defendant was asked whether she had ever been convicted of a crime involving dishonesty, including "bad checks, theft by deception." *State v. McCaslin*, 240 Neb. at 484, 482 N.W.2d at 562. She admitted she "paid fines" but stated she did not believe she had ever been convicted. Based on this denial, she was later charged with making a false statement under oath.

In the subsequent trial, the State submitted evidence of defendant's prior convictions of theft by deception, insurance fraud, and of issuing an insufficient-fund check. On appeal, the defendant argued that "she 'personally did not feel convicted although the judicial system may have.'" *Id*. at 487, 482 N.W.2d at 563. Therefore, she reasoned that the State could not prove she did not believe her statement was untrue when she made it. *Id*. The Nebraska Supreme Court determined that it was for the jury to decide whether the defendant believed in the truth of his or her testimony when uttered, and that falsity could be inferred from the surrounding circumstances. Because the evidence was sufficient for a jury to find beyond a reasonable doubt that the defendant was guilty of making a false statement under oath, it affirmed her conviction. *Id*.

Here, the State presented evidence that Fierro was previously convicted of forgery. The forgery complaint alleged that "with intent to deceive" Fierro falsely made a written instrument that affected the legal right of another. She was apprised of the elements of the crime after which

she pled no contest and was convicted. Consequently, at the time of her plea, she knew she was charged with forgery and that the nature of the forgery involved an intent to deceive. As articulated in *State v. McCaslin, supra*, it is for the jury to decide whether Fierro believed in the truth of her statement. Where a jury has been waived, that decision rests with the judge. Because an intent to deceive is a form of dishonesty, the evidence was sufficient to prove that Fierro knew she had been convicted of a crime of dishonesty when she testified otherwise.

Fierro also argues that perjury must be proven by either two witnesses or a single witness, together with material and established corroborative facts sufficient to amount to the testimony of another witness. We agree with that proposition of law. See *State v. Childs*, 309 Neb. 427, 960 N.W.2d 585 (2021). Additionally, no person can be convicted of perjury when proof of falsity rests solely upon contradiction by testimony of a single person other than the defendant. § 28-915(7). However, we disagree with Fierro's argument that the evidence does not meet this threshold. Rowan testified that Fierro was convicted of forgery, a crime of dishonesty. The journal entry evincing Fierro's plea and conviction corroborates this testimony. The forgery complaint described Fierro's actions as being done with an intent to deceive and she was apprised of these allegations at the plea hearing. Based upon the evidence presented at trial, the material and established corroborative facts were sufficient to amount to the testimony of another witness.

*Ineffective Assistance of Counsel.*

Fierro claims her trial counsel was ineffective because her trial counsel advised her to waive her right to a jury trial and her waiver was not made intelligently, knowingly, and voluntarily. Specifically, Fierro alleges "that her attorney misguided her and it is clear from the record that the facts are insufficient for the Appellate Court to conclusively determine" if her counsel provided effective assistance. Brief for appellant at 24.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance actually prejudiced his or her defense. *State v. Thomas*, 311 Neb. 989, 977 N.W.2d 258 (2022). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *Id*. Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id*. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*.

The decision to waive a jury trial is ultimately and solely the defendant's, and therefore, the defendant must bear the responsibility of that decision. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018). Counsel's advice to waive a jury trial can be the source of a valid claim of

ineffective assistance only when (1) counsel interferes with the client's freedom to decide to waive a jury trial or (2) the client can point to specific advice of counsel so unreasonable as to vitiate the knowing and intelligent waiver of the right. *Id*.

Fierro argues she was "misguided," not that counsel interfered with her freedom to decide to waive a jury. The record reveals that the district court advised Fierro that the decision to waive a jury was hers, alone, and Fierro confirmed that no one threatened, pressured, forced, or promised her anything to induce her to waive a jury. Therefore, we turn to her argument that she was "misguided" by her attorney.

In *State v. Golyar, supra*, the Supreme Court held that an allegation that trial counsel was ineffective because they "did not adequately advise [defendant] regarding her right to a jury trial" was insufficiently alleged and without merit. *Id*. at 510, 919 N.W.2d at 150. It reasoned that the defendant offered no specifics about the advice her counsel gave her or why it was unreasonable. *Id*. Akin to *Golyar*, Fierro has failed to sufficiently allege an ineffective assistance of counsel claim because her claim is not particular or specific. She contends only that "she was misguided" by her attorney's advice. She offers no specifics about the advice counsel gave or how it misguided her. Thus, she has failed to allege this claim of ineffective assistance with sufficient particularity for us to address, and we reject it.

## CONCLUSION

There was sufficient evidence to convict Fierro of perjury. We reject her ineffective assistance of counsel claim because she failed to allege specific advice of her counsel was so unreasonable as to vitiate the knowing and intelligent waiver of the right; therefore, we affirm her conviction and sentence.

AFFIRMED.