Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/01/2023 09:08 AM CST

State of Nebraska, appellee, v.
Anthony W. Earnest, appellant.

___ N.W.2d ___

Filed December 1, 2023.    No. S-23-243.

1. **Administrative Law: Statutes: Appeal and Error.** The meaning and interpretation of statutes and regulations are questions of law which an appellate court resolves independently of the lower court's conclusion.
2. **Sentences: Appeal and Error.** A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court.
3. ____: ____. An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result.

Appeal from the District Court for Lancaster County: Lori A. Maret, Judge. Affirmed.

Matthew K. Kosmicki for appellant.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Funke, Papik, and Freudenberg, JJ.

Papik, J.

Anthony W. Earnest pled no contest to charges of driving under the influence (DUI) causing serious bodily injury and third degree assault. In this appeal, Earnest challenges his sentences in various respects. He first argues that the district court erred by failing to consider his ability to pay a $10,000 fine.

In addition, he claims that the district court sentenced him under misunderstandings of the relevant law and otherwise imposed excessive sentences. We find no prejudicial error by the district court and therefore affirm.

## BACKGROUND
*Charges and Pleas.*

The State initially charged Earnest with two counts of DUI causing serious bodily injury. The charges arose out of a two-vehicle accident on December 24, 2021. After the charges were filed, Earnest was released on bond under the conditions that he neither operate a vehicle nor possess or consume alcohol.

The State later moved to revoke Earnest's bond. In its motion, the State alleged that in December 2022, police had attempted to stop Earnest for a traffic violation, but he accelerated his vehicle in the opposite direction and then abandoned his vehicle and fled on foot. When he was eventually apprehended and arrested, the State alleged, he submitted to a blood test that revealed a blood alcohol concentration above the legal limit. Earnest did not dispute the State's allegations, and the district court revoked his bond.

Earnest and the State eventually reached a plea agreement. Pursuant to the plea agreement, Earnest pled no contest to an amended information that charged him with one count of DUI causing serious bodily injury and one count of third degree assault.

At Earnest's plea hearing, the district court asked the State to provide a factual basis for the charges. The prosecutor stated that on December 24, 2021, while Earnest was under the influence of alcohol, he drove his vehicle across a raised median and crashed head on with another vehicle traveling in the opposite direction and carrying four passengers. Two of those passengers suffered serious injuries requiring surgery. Following the accident, law enforcement located numerous open containers of alcoholic liquor inside Earnest's vehicle,

and Earnest submitted to a blood test that revealed a blood alcohol concentration of .292 grams of alcohol per 100 milliliters of blood. Earnest did not object to the factual basis provided by the State. The district court accepted Earnest's pleas and set the matter for a sentencing hearing.

*Sentencing.*

At the sentencing hearing, the district court said the following prior to pronouncing the sentence:

> In this particular case there was a plea agreement. You did receive the benefit of that plea agreement. But what I believe the law allows for the Court when I took a look at the statutes that you were charged under, the DUI causing serious bodily injury provides for a 15-year revocation of your license, with no opportunity for interlock, and no opportunity for impounding. It's just simply revoking your license for 15 years. There will be no way for you to be able to drive a vehicle legally for 15 years.
>
> Also, with a DUI serious bodily injury conviction, it has to be separate and apart from any other count or conviction within that same information. So, necessarily any sentence you receive on Count I, which was the DUI serious bodily injury, Count II will run consecutive to that.
>
> I am really at a loss for words as to what I could say to you to encourage you to avail yourself of the resources to help you live a sober life. Or at the very least, if you don't, don't get behind the wheel of a car and endanger the rest of us. Other than to say I don't have enough trust in you, so I will keep you away from the community for as long as I can.

For Earnest's conviction of DUI causing serious bodily injury, the district court sentenced Earnest to 3 years' imprisonment, 18 months' post-release supervision, a $10,000 fine, and a 15-year license revocation. For the conviction of third degree assault, the district court sentenced Earnest to 1 year's

imprisonment and a $1,000 fine. The district court ordered the sentences of imprisonment to be served consecutively to one another.

Earnest filed a timely appeal.

## ASSIGNMENTS OF ERROR

Earnest assigns that the district court erred (1) by imposing a $10,000 fine without first considering his ability to pay and (2) by imposing excessive sentences.

## STANDARD OF REVIEW

[1] The meaning and interpretation of statutes and regulations are questions of law which an appellate court resolves independently of the lower court's conclusion. *State v. Alkazahy*, 314 Neb. 406, 990 N.W.2d 740 (2023).

[2,3] A sentence imposed within statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *Id.* An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

## ANALYSIS

*Ability to Pay Fine.*

Earnest first argues that the district court erred by imposing a $10,000 fine for his DUI causing serious bodily injury conviction without first considering whether he was able to pay such a fine. He argues that under Neb. Rev. Stat. § 29-2206 (Cum. Supp. 2022), the district court could only impose a fine if it first determined that he had the ability to pay it.

Section 29-2206(1)(a) provides in part:

In all cases in which courts or magistrates have now or may hereafter have the power to punish offenses, either in whole or in part, by requiring the offender to pay fines or costs, or both, such courts or magistrates may make it a part of the sentence that the party stand committed and be imprisoned in the jail of the proper county until the fines

or costs are paid or secured to be paid or the offender is otherwise discharged according to law if the court or magistrate determines that the offender has the financial ability to pay such fines or costs.

Earnest apparently reads the above-quoted portion of § 29-2206 to require sentencing courts to inquire into a criminal defendant's finances prior to imposing *any* fine. This reading, however, overlooks that the obligation to consider a defendant's ability to pay discussed in § 29-2206 applies to instances in which courts "make it a part of the sentence that the party stand committed and be imprisoned in the jail of the proper county until the fines or costs are paid or secured to be paid or the offender is otherwise discharged according to law." The district court did not do that here. We thus conclude that § 29-2206 did not require the district court to consider Earnest's ability to pay before it imposed fines in this case.

Although Earnest has not shown that the district court was obligated to consider his ability to pay a fine before imposing its sentences in this case, we observe that other Nebraska statutes provide avenues for criminal defendants to obtain relief from fines they are unable to pay after fines are imposed. One statute, Neb. Rev. Stat. § 29-2412 (Cum. Supp. 2022), provides that persons who have been arrested or brought into custody for failure to pay fines are entitled to a prompt hearing, the purpose of which is to determine their ability to pay such fines. See § 29-2412(1)(a). If, after that hearing, the court determines the person is unable to pay the fines or costs, the court is generally required to enter an order discharging the person of the fines. See § 29-2412(1)(c). Another statute, Neb. Rev. Stat. § 29-2208 (Cum. Supp. 2022), permits individuals who have been ordered to pay fines, but have not yet been arrested or brought into custody for failure to pay, to also obtain a prompt hearing to determine their financial ability to pay criminal fines. Like § 29-2412, § 29-2208 generally requires the court to discharge individuals of fines if the court

determines after the hearing that they are unable to pay. See § 29-2208(4)(a). Whether Earnest might be entitled to relief under these statutes is not before us in this appeal.

*Excessive Sentences.*

In addition to the $10,000 fine, Earnest also challenges other aspects of his sentences. Although he concedes that his sentences were within statutory limits, he argues that the district court nonetheless abused its discretion in sentencing him. He contends that in sentencing him, the district court misunderstood the relevant law in some respects and also failed to consider certain factors that weighed in favor of a more lenient sentence.

In support of his argument that the district court misunderstood the relevant law, Earnest points to statements made by the district court prior to pronouncing his sentences. He contends that the district court erroneously stated that it was required to revoke his driver's license for 15 years with no possibility of the issuance of an ignition interlock permit. He also draws our attention to the district court's statement that it was required to impose consecutive sentences for his DUI causing serious bodily injury and third degree assault convictions. Earnest argues that no law required those sentences to be served consecutively. As we will explain, we discern no prejudicial error in the district court's statements.

First, we do not understand the district court to have stated that it was legally precluded from issuing an ignition interlock permit. As set forth above, the district court prefaced its remarks regarding license revocation and ignition interlock permits as "what I believe *the law allows*" (emphasis supplied). We thus understand the district court to have been stating that it was permitted to revoke Earnest's driver's license for 15 years without issuing an ignition interlock permit. Earnest does not dispute that the district court had the authority to revoke his license for 15 years without issuing an ignition interlock permit.

As for the district court's statements regarding consecutive sentences, we are not aware of any authority that would have required the district court to order that Earnest's sentences run consecutively. And, on this point, the State agrees with Earnest that the district court was mistaken in its belief that it was required to impose consecutive sentences. Earnest thus appears to be correct that the district court misunderstood the law to require consecutive sentences.

Generally, when the law gives a trial court discretion to determine if sentences will be served concurrently or consecutively but the trial court erroneously concludes that it is required to impose consecutive sentences, we remand for resentencing. See, e.g., *State v. Berney*, 288 Neb. 377, 847 N.W.2d 732 (2014). But a remand is generally required because, without it, we have no way to know whether the district court would impose concurrent or consecutive sentences if it correctly understood its discretion. See *id.* at 384, 847 N.W.2d at 737 (remanding for resentencing in case where district court erroneously believed consecutive sentences were required because appellate court could not "determine from the record" whether district court would have imposed concurrent sentences if it correctly understood law). In this case, however, the trial court's sentencing remarks leave no doubt that it would have imposed consecutive sentences even if it had understood that concurrent sentences were permissible. As noted above, the district court explained that it fashioned its sentences to keep Earnest "away from the community as long as I can." Because Earnest was not prejudiced by the district court's erroneous belief that it was required to impose consecutive sentences, there is no reason to remand for resentencing in this case.

This leaves only Earnest's argument that the district court abused its discretion by failing to consider factors that weighed in favor of a more lenient sentence. Here, Earnest argues that the district court failed to consider his age, his criminal history, and his willingness to enter into a plea agreement. Prior

to sentencing, however, the district court specifically referred to Earnest's age, his relatively minor criminal history, and the plea agreement. The district court may not have specifically referred to other factors that Earnest contends were relevant in his case, but we have rejected the notion that a sentencing court is required to articulate on the record that it has considered each sentencing factor and to make specific findings as to the facts that bear on each of those factors. See, e.g., *State v. Thomas*, 311 Neb. 989, 977 N.W.2d 258 (2022).

To the extent Earnest is arguing that the district court abused its discretion in its weighing of various sentencing factors, we disagree. While some of the factors Earnest identifies may have weighed in favor of a more lenient sentence, others did not. For example, Earnest's charged conduct caused serious injuries to multiple people, and he drove under the influence again while out on bond in this case. In light of these considerations and mindful that it is not our function to conduct a de novo review of the record to determine what sentence we would impose, see *State v. Pauly*, 311 Neb. 418, 972 N.W.2d 907 (2022), we cannot say the district court abused its discretion in sentencing Earnest.

## CONCLUSION

Because we find no prejudicial error on the part of the district court, we affirm.

Affirmed.

Stacy, J., participating on briefs.