IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. PUTNAM

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

RUSTY D. PUTNAM, APPELLANT.

Filed February 11, 2025.    No. A-24-361.

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Christopher L. Eickholt, of Eickholt Law L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Erin E. Tangeman for appellee.

RIEDMANN, Chief Judge, and PIRTLE and ARTERBURN, Judges.

PIRTLE, Judge.

### INTRODUCTION

Rusty D. Putnam appeals his conviction and sentence for second degree arson in the district court for Lancaster County. He contends that his trial counsel was ineffective and that his sentence is excessive. Based on the reasons that follow, we affirm.

### BACKGROUND

On November 15, 2023, Putnam was charged by information with second degree arson, a Class III felony. Putnam pled not guilty, and the matter proceeded to a jury trial.

At trial, Lancaster County Sheriff Deputy Dillon Hicks testified that on September 25, 2022, at approximately 4:12 a.m., he was dispatched to a suspected arson in the parking lot of Track Side Bar and Grill in Waverly, Nebraska. When he arrived on scene, Waverly Fire and Rescue had already arrived and were extinguishing a fire that was burning in a blue Dodge pickup

and its attached camper trailer. After the fire was extinguished, Hicks spoke with the reporting party and took pictures of the scene.

Justin Davis, a fire investigator with the Nebraska State Fire Marshall's Office, arrived on scene after the fire was extinguished. After observing the pickup and trailer, Davis suspected that an accelerant was used in the fire. Following further investigation, including watching a video of the fire burning, Davis believed the accelerant was the application and ignition of an ignitable liquid. He agreed that the video was consistent with a fire started by gasoline.

Deputies obtained videos from multiple businesses in the vicinity of the fire, including Track Side Bar and Grill, G-Force Car Wash, and Mammoth Gas Station. The video evidence from the gas station showed a silver F-150 pickup with multiple occupants enter the parking lot and pull up to a gas pump. The driver of the pickup, who was later identified as Putnam, got a bucket from the back of the truck and filled it with gasoline. The gasoline purchase was confirmed to have been made by Putnam. The pickup left the gas station and drove toward the Track Side Bar and Grill parking lot.

The video evidence from Track Side Bar and Grill showed three individuals approaching the blue Dodge pickup and trailer, with one of them carrying a bucket. The individual holding the bucket tossed the fuel onto the pickup and trailer. A fire ignited and the three people ran back toward the direction from which they came. Other video evidence showed the silver F-150 pickup leave the nearby car wash parking lot and stop and idle at an intersection. Hicks noted that the driver of the silver F-150 pickup never put the vehicle into park; the brake lights remained illuminated the entire time. Video evidence also showed three individuals running toward the silver F-150 pickup, one of the individuals threw the bucket into the back of the pickup, and all three got into the pickup.

Kelli Kyle was the owner of the blue Dodge pickup and the attached camper trailer. She had been living in the trailer and all her possessions were inside the trailer at the time of the fire. Kyle testified that she would park her pickup and trailer in various locations, including Track Side Bar and Grill's parking lot, for a day or two before moving it again. Kyle was not in the camper the night of the fire because she had driven her friend Christopher Headland to Council Bluffs in her other vehicle and was gone overnight. When Kyle returned the next morning to Track Side Bar and Grill's parking lot, her pickup and camper were gone. She later learned about the fire from law enforcement. Kyle did not know Putnam, but after the fire she learned that he was an uncle or family friend of Headland's new girlfriend.

Putnam did not testify on his own behalf at trial, nor did he present any evidence.

The jury found Putnam guilty of second degree arson. The district court sentenced Putnam to 2 years' imprisonment followed by 12 months' post-release supervision.

## ASSIGNMENTS OF ERROR

Putnam assigns that he received ineffective assistance of counsel because his trial counsel: (1) failed to advocate for or negotiate a plea agreement, and (2) advised him to waive his right to testify at trial. Putnam also assigns that his sentence is excessive and constitutes an abuse of discretion.

STANDARD OF REVIEW

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Clark*, 315 Neb. 736, 1 N.W.3d 487 (2024). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Tvrdy*, 315 Neb. 756, 1 N.W.3d 479 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.* Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *Id.*

ANALYSIS

*Ineffective Assistance of Counsel.*

Putnam's first two assignments of error are claims of ineffective assistance of counsel. He assigns his trial counsel was ineffective for failing to advocate for or negotiate a plea agreement and for advising him to waive his right to testify at trial.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Clark, supra.* However, the fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient to adequately review the question under the standard of review previously noted. *Id.* The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Clark, supra.* To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* To show prejudice in a claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

- 3 -

Putnam first assigns that his trial counsel was ineffective because he failed to advocate for or negotiate a plea agreement. He claims the record is insufficient to determine if his counsel was ineffective in this regard.

In the context of direct appeal, like the requirement in postconviction proceedings, mere conclusions of fact or law are not sufficient to allege ineffective assistance of counsel. *State v. Figures*, 308 Neb. 801, 957 N.W.2d 161 (2021). Putnam asserts that he was not offered a plea agreement and he was forced to go to trial. He contends his trial counsel should have negotiated or advocated for a plea agreement "to lessen his exposure to criminal penalty in this case." Brief for appellant at 9.

We reject Putnam's argument because it is merely a conclusory statement and is not backed by any factual allegations or evidence indicating that defendant's counsel's performance was deficient in any way. Putnam does not allege that he instructed trial counsel to seek a plea deal, that a plea agreement was ever discussed between him and his counsel, or that he was ever under the impression there was a plea agreement when there was not. Further, whether the State would have negotiated with his counsel and/or entered into a plea agreement is pure speculation. Given the lack of specificity, his claim is at best a mere conclusion and an insufficient allegation of deficient conduct. Putnam's first assignment of error fails.

Putnam next assigns that he received ineffective assistance of counsel because trial counsel advised him to waive his right to testify. He alleges that not testifying at trial was prejudicial because the jury would have naturally wanted to hear from him and his version of events and his testimony could have been helpful to his defense.

A defendant has a fundamental constitutional right to testify. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018). The right to testify is personal to the defendant and cannot be waived by defense counsel's acting alone. *Id.* Defense counsel bears the primary responsibility for advising a defendant of his or her right to testify or not to testify, of the strategic implications of each choice, and that the choice is ultimately for the defendant to make. *Id.*

Defense counsel's advice to waive the right to testify can present a valid claim of ineffective assistance in two instances: (1) if the defendant shows that counsel interfered with his or her freedom to decide to testify or (2) if counsel's tactical advice to waive the right was unreasonable. *Id.* Putnam does not claim that trial counsel interfered with his freedom to decide whether to testify and the record demonstrates that Putnam made the decision not to testify freely and voluntarily. Rather, Putnam seems to be claiming that trial counsel's advice to not testify was unreasonable. He argues the jury would have naturally wanted to hear his version of events and contends his testimony could have been helpful to his defense. However, he fails to allege how trial counsel's advice to not testify was unreasonable or deficient. See *id.* Accordingly, Putnam has failed to allege deficient performance with enough particularity and has not properly raised this claim on direct appeal. His second assignment of error fails.

*Excessive Sentence.*

Putnam assigns that the district court abused its discretion by imposing an excessive sentence. He claims that the district court failed to meaningfully consider the circumstances surrounding the offense, the nature of the offense, the age, mentality, and history of Putnam, and the circumstances relating to his life.

- 4 -

Putnam was convicted of second degree arson, a Class III felony, under Neb. Rev. Stat. § 28-503(3) (Reissue 2016). He was sentenced to 2 years' imprisonment, followed by 12 months of post-release supervision. The maximum penalty for a Class III felony is 4 years' imprisonment and 2 years' post-release supervision. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). There is no minimum for imprisonment and there is a 9-month minimum for post-release supervision if imprisonment is imposed. Thus, Putnam's sentence is within statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. King*, 316 Neb. 991, 7 N.W.3d 884 (2024). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.* It is not the appellate court's function to conduct a de novo review of the record to determine what sentence it would impose. *Id.*

Putnam contends the court did not meaningfully articulate what factors supported the sentence imposed. Prior to sentencing Putnam, the court stated it had considered all the information in the presentence investigation report and the factors it was required to consider by law. The court also stated that due to the nature and circumstances of the crime, and Putnam's history, character, and condition, that imprisonment was necessary.

While the court did not discuss all the relevant factors or the mitigating factors, the Nebraska Supreme Court has "rejected the notion that a sentencing court is required to articulate on the record that it has considered each sentencing factor and to make specific findings as to the facts that bear on each of those factors." *State v. Earnest*, 315 Neb. 527, 534, 997 N.W.2d 589, 595 (2023). Nothing in the record suggests the district court failed to consider the factors Putnam mentions or that the court considered any irrelevant or inappropriate factors. Accordingly, the district court did not abuse its discretion in sentencing Putnam.

CONCLUSION

We conclude that Putnam's ineffective assistance of counsel claims fail and that the district court's sentence was not excessive and not an abuse of discretion. Putnam's conviction and sentence are affirmed.

AFFIRMED.