IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. LEGRAND

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

LARRY L. LEGRAND, APPELLANT.

Filed April 8, 2025.    No. A-24-720.

Appeal from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Affirmed.

Kristi J. Egger, Lancaster County Public Defender, and David J. Tarrell for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

RIEDMANN, Chief Judge, and PIRTLE and ARTERBURN, Judges.

PIRTLE, Judge.

## INTRODUCTION

After entering into a plea deal where he pled no contest to a single charge of attempted delivery, or possession with intent to deliver, methamphetamine, Larry L. Legrand was sentenced to 4 to 6 years' imprisonment by the district court for Lancaster County. Legrand now appeals that sentence as being excessive and assigns that his trial counsel was ineffective in two ways. For the reasons that follow, we affirm.

## BACKGROUND

On July 23, 2023, law enforcement encountered Legrand while he was working on his vehicle outside a storage unit. While speaking with Legrand, the responding officers observed a blue handheld torch in his vehicle and an item in his pocket that resembled a smoking pipe. After being asked when he last used methamphetamine, Legrand admitted to using the previous day. The officers then asked Legrand for the item in his pocket. Legrand begged the officers to cease

- 1 -

the investigation and attempted to place the item in his vehicle. While this occurred, the officers noticed that the item was a marijuana smoking pipe and detained him. The officers then observed a methamphetamine smoking pipe with white residue on the floorboard of Legrand's vehicle. After searching the vehicle, the officers located four bags that contained a collective 13 grams of methamphetamine, a syringe, pieces of broken meth pipes, a digital scale, and other drug paraphernalia.

After Legrand waived his right to a preliminary hearing, an information was filed in the district court on January 10, 2024. This information charged him with one count of delivery or possession with the intent to deliver a controlled substance, a Class II felony, and possession of money to be used in violation of Neb. Rev. Stat. § 28-416(1) (Cum Supp. 2024), a Class IV felony.

On July 2, 2024, Legrand indicated that he wanted to accept the State's plea agreement. The terms of this agreement included the dismissal of another case against Legrand where he was charged with one count of possession of a controlled substance, a Class IV felony. Additionally, the two charges from the July 23, 2023, incident would be reduced to a single charge of attempted delivery or with intent to deliver a controlled substance, a Class IIA felony. At this hearing, the following colloquy occurred:

> [The State]: You are now charged in Count 1 with attempt deliver or with intent to deliver a controlled substance. That is a Class 2A felony. Possible penalty is zero to 20 years' incarceration.
>
> . . . .
>
> Do you understand the one charge and the possible penalties?
> [LEGRAND]: (No response.)
> [Legrand's attorney]: Do you understand the one charge?
> [LEGRAND]: Yes.
> THE COURT: How do you plead to the charge, then, in the Amended Information?
> [LEGRAND]: I guess no contest.

The court then explained what rights Legrand was giving up by pleading no contest and the following conversations took place:

> THE COURT: In explaining these rights to you this morning, have I used any words, phrases or sentences which you have not understood?
> [LEGRAND]: No.
> THE COURT: And do you have any questions about any of these rights?
> [LEGRAND]: (No audible response.)
> THE REPORTER: I'm sorry, I can't hear you.
> [LEGRAND]: No.
> THE COURT: Okay. Have you had an opportunity to talk with your attorney about all of these rights?
> [LEGRAND]: Yeah, but I'm not sure I get them all, like --
> THE COURT: Would you like more time to talk to him right now?
> [LEGRAND]: (No response.)
> THE COURT: [Legrand's attorney], do you want -- We can step outside while you speak with him.

[LEGRAND]: No, I'm fine.

[Legrand's attorney]: Pardon?

THE COURT: Do you want us to step outside while you speak with him.

[LEGRAND]: No.

. . . .

THE COURT: . . . Mr. LeGrand, you understand that the charge you are pleading to is attempted deliver or with intent to deliver a controlled substance, a Class 2A felony?

[LEGRAND]: (No response.)

THE COURT: Do you understand that?

[LEGRAND]: Yes.

. . . .

THE COURT: All right. And, [prosecuting attorney], is there a plea agreement and, if so, please state it for the record.

[The State]: Judge, the agreement is that the State would reduce the originally charged deliver or with intent to deliver a controlled substance to an attempt. The other case would be dismissed in its entirety and the State would also be dismissing Count 2 at 23-1701, with [Legrand] agreeing to forfeit the seized money.

THE COURT: Okay.

. . . .

THE COURT: And, Mr. LeGrand, you've heard what the attorneys have said their understanding of the plea agreement is. Is that your understanding of the agreement as well?

[LEGRAND]: Yeah.

The court then accepted Legrand's plea, convicted him of the charge, ordered the completion of a presentence investigation report (PSI), and set a sentencing date. Because Legrand wanted to speak to another attorney before completing his PSI interview, his initial interview was rescheduled. However, Legrand failed to retain another attorney by the time his rescheduled interview took place. Although he was told that he would not be able to schedule another appointment, Legrand stated that he did not want to do the interview before talking to another attorney. Therefore, his PSI was completed with limited information and does not contain the assessments typically included in a PSI report.

Legrand's sentencing hearing was held on August 27, 2024. After the court indicated it had reviewed the PSI, Legrand's attorney informed the court that Legrand had handed him a stack of medical records right before the hearing and that he did not have time to go through them. Additionally, he noted that neither the State nor the court had seen the records. Because of this, he requested a 30-day continuance so those records could be made available to the court prior to its sentencing decision. The court responded to this request by stating, "I don't know what kind of medical condition is going to change really anything. So I'm going to overrule the motion to continue."

Legrand's attorney then addressed the court. He stated that Legrand had multiple health problems, including a traumatic brain injury (TBI) and issues associated with addiction. He

indicated that these health problems were, at least, partly responsible for Legrand's criminal conduct. Because of this, he requested that Legrand be sentenced to a term of probation.

Prior to levying the sentence, the court stated that a term of imprisonment was necessary to protect the public, it was likely Legrand would engage in further criminal conduct if put on probation, and a lesser sentence would depreciate the seriousness of the crime and promote disrespect for the law. The court then sentenced Legrand to 4 to 6 years' imprisonment with 64 days' credit for time served.

Legrand now appeals with different counsel.

ASSIGNMENTS OF ERROR

Restated, Legrand assigns the district court abused its discretion by imposing an excessive sentence.

He also assigns that he received ineffective assistance of trial counsel because his counsel failed to (1) sufficiently advise him about the plea offer and nature of the charge and (2) advise him to sign medical releases prior to the sentencing hearing that would have allowed the district court to review his complete medical history prior to sentencing.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Tvrdy*, 315 Neb. 756, 1 N.W.3d 479 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Clark*, 315 Neb. 736, 1 N.W.3d 487 (2024). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

ANALYSIS

*Excessive Sentence.*

Legrand assigns that the district court abused its discretion by imposing an excessive sentence. He essentially argues the court failed to properly consider that he was remorseful, had a history of addiction, suffered from a TBI, and was impacted by homelessness and other difficult life circumstances.

Legrand was convicted of a Class IIA felony. Class IIA felonies are punishable by a maximum of 20 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). There is no minimum term of imprisonment for Class IIA felony convictions. *Id.* Because Legrand was sentenced to 4 to 6 years' imprisonment, his sentence was within the statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. King*, 316 Neb. 991, 7 N.W.3d 884 (2024). In determining a

sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Prior to levying its sentence, the court stated that it had reviewed Legrand's PSI. Although Legrand's PSI is limited, it contains his criminal history, which is significant. In 1991 he was convicted of driving under the influence, second offense. In 1996, he was convicted of driving while intoxicated, third offense. In 1998, he was convicted of theft by unlawful taking less than $200. In 2003, he was convicted of stealing money or goods less than $500. In 2006, he was convicted of disturbing the peace. In 2008, he was convicted of criminal attempt of a Class IV felony.

In 2009, he was convicted on two counts of possession of marijuana one ounce or less and one count of attempted possession of a controlled substance. In separate 2010 cases, he was convicted of concealing merchandise, stealing money or goods less than $500, four counts of consuming alcohol in public, panhandling by aggressive solicitation, panhandling between sunset and sunrise, trespassing upon property of another, and assaulting, striking, or causing bodily injury.

In 2011, Legrand was convicted of trespassing upon property of another. In 2012, he was convicted of trespassing upon property of another and failing to appear. In 2013, he was convicted of theft by shoplifting under $200, failing to appear, and assaulting, striking, or causing bodily injury. In 2014, he was convicted of possession of drug paraphernalia and failing to appear. And in 2017, he was convicted of theft by unlawful taking under $200.

The PSI also contains some information regarding Legrand's TBI. The PSI reports that Legrand provided the following comments:

> Due to my medical condition (TBI), I feel my court appearance was very difficult and I have a hard time understanding, because it was so fast everything I was asked by the judge intimadated [sic] me and my mind was over worked [sic] so I feel I was mispreseted [sic] and mislead of the true understanding of the large vocabulary. I am medically diagnosed with a brain injury & memory issues my thought & speech prosses [sic] also holds me back. I didn't understand what I signed and the lawyer I had hurried me to sign without explaining before I signed.

We determine the district court did not abuse its discretion in sentencing Legrand to 4 to 6 years' imprisonment. Legrand's argument essentially takes issue with the way the court weighed the sentencing factors and asserts that it should have given greater consideration to the difficulties he has experienced. But it is not the appellate court's function to conduct a de novo review and a reweighing of the sentencing factors in the record. See *State v. Starks*, 308 Neb. 527, 955 N.W.2d 313 (2021).

Prior to sentencing Legrand, the district court stated that it had reviewed his PSI, which contained his criminal history and some information regarding his TBI. The court also said that it had considered the nature and circumstances of the crime and Legrand's history, character, and

condition. With this, nothing in the record suggests the district court failed to consider the necessary factors or that the court considered any irrelevant or inappropriate factors. And while the court did not expressly discuss all the relevant factors or the mitigating factors, the Nebraska Supreme Court has "rejected the notion that a sentencing court is required to articulate on the record that it has considered each sentencing factor and to make specific findings as to the facts that bear on each of those factors." *State v. Earnest*, 315 Neb. 527, 534, 997 N.W.2d 589, 595 (2023). Given Legrand's criminal history, the nature and circumstances of his offense, and the court's review of the PSI that contained salient information regarding his medical condition, we cannot say the district court abused its discretion in sentencing him to 4 to 6 years' imprisonment.

*Ineffective Assistance of Trial Counsel.*

Legrand's last two assignments of error are claims of ineffective assistance of trial counsel. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Clark*, 315 Neb. 736, 1 N.W.3d 487 (2024). However, the fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient to adequately review the question under the standard of review previously noted. *Id.* The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Clark, supra*. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* When a conviction is based upon a guilty plea or a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Amaya*, 276 Neb. 818, 758 N.W.2d 22 (2008). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. Clark, supra*.

Legrand first assigns that his trial counsel was ineffective because he failed to sufficiently advise him about the plea offer and nature of the charge. He contends that he had difficulty understanding the large vocabulary used during his plea hearing and that he believed he was being charged with attempted possession of a controlled substance when he was being charged with attempted delivery. Because of this, he asserts that if he was better advised as to the terms of the agreement, he may have proceeded to trial and secured a favorable verdict.

The record is sufficient to affirmatively refute Legrand's claim of ineffective assistance. The Supreme Court has held that when allegations of ineffective assistance of counsel are affirmatively refuted by a defendant's assurances to the sentencing court, there is no basis for

relief. See *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013). In this holding, the court cited to a prior opinion where it had stated:

> If the dialogue which is required between the court and the defendant . . . all done during the sanctity of a full and formal court proceeding, is to be impugned by a mere recantation made after the doors of the prison clang shut, we are wasting our time and that of the trial judges, making a mockery out of the arraignment process.

*Id.* at 118-19, 835 N.W.2d at 58 (citing *State v. Scholl*, 227 Neb. 572, 419 N.W.2d 137 (1988)).

During Legrand's plea hearing, he expressly stated that he comprehended the words, phrases, and sentences used by the court throughout the proceeding and did not need more time to speak to his attorney. He also told the court three separate times that he understood the charge he was pleading to. The first time occurred right before he entered his no contest plea, the second occurred after the court asked if he understood the rights he was waiving by pleading, and the third was after the State articulated the terms of the plea agreement. Each time, the court asked Legrand directly if he understood the charge he was pleading to and each time Legrand responded affirmatively. Because the record refutes Legrand's claim that he did not understand the terms of his plea agreement, we determine his claim of ineffective assistance fails.

Legrand next assigns his trial counsel was ineffective because he did not advise him to sign medical releases prior to the sentencing hearing. He contends that if he was advised to do so earlier, the court could have had his full medical history before rendering its sentence which might have resulted in a more favorable outcome.

The record is sufficient to determine that Legrand will be unable to establish that he was prejudiced by this alleged failure of his trial counsel. After Legrand's attorney motioned for a continuance so the court could be provided Legrand's medical history, the court indicated that the revelation of a medical condition would not impact its decision. Specifically, the court stated, "I don't know what kind of medical condition is going to change really anything. So I'm going to overrule the motion to continue."

More so, it appears that Legrand is primarily concerned with the court not having more information regarding his TBI. However, the court was made aware of his TBI prior to sentencing. The PSI contained information regarding the TBI and included Legrand's explanation of how it impacted his memory, speech, and comprehension. Legrand's attorney also informed the court of the TBI when he addressed the court during the sentencing hearing.

Because the court was already made aware of Legrand's TBI and specifically articulated that Legrand's medical history was immaterial to its decision, we determine there is not a reasonable probability that a different outcome would have occurred if Legrand's attorney had him sign medical releases prior to his sentencing. Accordingly, we determine this claim of ineffective assistance fails.

CONCLUSION

We determine the district court did not abuse its discretion in sentencing Legrand. We also conclude that Legrand's first claim of ineffective assistance was refuted by the record and his

second claim fails because the record is sufficient to determine that he would be unable to establish that he was prejudiced by the alleged failure of his trial counsel.

AFFIRMED.