IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SETTLES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MARCUS A. SETTLES, APPELLANT.

Filed May 26, 2026.    No. A-25-421.

Appeal from the District Court for Douglas County: PETER C. BATAILLON, Judge. Affirmed.

William J. O'Brien for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

RIEDMANN, Chief Judge, and BISHOP and FREEMAN, Judges.

RIEDMANN, Chief Judge.

## I. INTRODUCTION

Marcus A. Settles appeals from his convictions and sentences in the district court for Douglas County following a jury trial. He raises as error the district court's responses to jury questions and asserts his counsel was ineffective. Finding no error, we affirm.

## II. BACKGROUND

Settles' assigned errors do not require us to review the sufficiency of the evidence to support his convictions; therefore, we provide the factual circumstances of the convictions as presented at trial, viewed in the light most favorable to the State, only to the extent necessary to address the assigned errors on appeal.

- 1 -

### 1. FEBRUARY 8, 2024

Destiny Toussaint and Settles were in a relationship that ended in the summer of 2023. Between 11:30 p.m. and midnight on February 8, 2024, Settles came to Toussaint's home, put a revolver against her stomach, and threatened to fire it. Others intervened, and after a scuffle over the revolver, Settles fired shots into the air and left. Toussaint called emergency services, and police went to Settles' home and took him into custody.

Officers searched Settles' home and located a revolver on the enclosed front porch. The surface of the revolver contained DNA that was consistent with a mixture of two individuals, but Settles was excluded as a contributor. Settles was prohibited from possessing a firearm due to a prior felony conviction.

### 2. TRIAL

Settles was charged with terroristic threats, possession of a deadly weapon by a prohibited person, and use of a deadly weapon to commit a felony. At trial, in addition to Toussaint, law enforcement, and forensic technicians, the State presented the testimony of the DNA analyst who tested the genetic material found on the revolver. The analyst defined "touch DNA" as the skin cells that are left behind on an item after having been touched. He explained that even if someone touches an item, it does not necessarily mean that his or her DNA will be recoverable from the item. In support of this opinion, he referenced mock evidence his laboratory had used for training purposes in which a person had touched an object, but a swab of the object did not collect enough material to generate a DNA profile. Settles presented no evidence, and the matter was submitted to the jury.

### 3. JURY DELIBERATIONS

During deliberations, the jury submitted questions to the district court. As relevant to Settles' appeal, it asked, "Can you reside or be in a home with a weapon if you are a prohibited person? [I]s that considered in possession[?] What is considered possession?" The district court responded with the following: "Possession means knowingly having it on one's [p]erson or knowing of the object present and having control over the object." The State had no objection to the district court's response, but Settles objected to the response in its entirety, requesting instead that the district court instruct the jury to refer to the jury instructions.

### 4. CONVICTIONS AND SENTENCING

The jury convicted Settles of all charges, but the State later dismissed the conviction for use of a deadly weapon to commit a felony. For his conviction of terroristic threats, Settles received a sentence of 2 to 3 years' imprisonment. For his conviction of possession of a deadly weapon by a prohibited person, Settles received a sentence of 20 to 25 years' imprisonment. The sentences were ordered to run consecutively.

### III. ASSIGNMENTS OF ERROR

Settles assigns that the district court erred (1) in its answer to questions posed by jurors during deliberation concerning whether being or residing in a house in which a gun is present constitutes possession of said gun. He also assigns that he (2) received ineffective assistance of

trial counsel for counsel's (a) failing to object to comments in the State's closing that constituted prosecutorial misconduct, (b) failing to adequately investigate the other witnesses known to be present during the incident, and (c) failing to put on a forensics and DNA expert to address the likelihood that Settles would have left DNA had he handled the gun the way described in Toussaint's testimony.

## IV. STANDARD OF REVIEW

Whether a jury instruction is correct is a question of law, regarding which an appellate court is obligated to reach a conclusion independent of the determination reached by the trial court. *State v. Gutierrez*, 272 Neb. 995, 726 N.W.2d 542 (2007), *disapproved on other grounds, State v. Britt*, 293 Neb. 381, 881 N.W.2d 818 (2016). However, the decision whether to reply to questions from the jury regarding the applicable law is entrusted to the discretion of the trial court. *Id*.

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Swartz*, 318 Neb. 553, 17 N.W.3d 174 (2025). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

## V. ANALYSIS

### 1. JURY QUESTIONS

Settles assigns that the district court erred in its answer to questions posed by jurors during deliberations concerning whether being or residing in a house in which a gun is present constitutes possession of said gun. We disagree.

Settles argues that mere presence at a residence in which a gun is found is not sufficient for possession and that it was misleading for the district court to indicate otherwise. However, the district court did not indicate to the jury that mere presence was sufficient to establish possession. It did not answer this question. It instead provided the definition of "possession" so that the jury could make the determination as to whether, based on the evidence presented in this particular case, Settles' presence in the home where the gun was found established possession.

To the extent Settles is arguing that the definition the district court provided was misleading, we disagree. The definition the district court provided is a correct statement of the law and is taken from the Nebraska Pattern Jury Instructions. See NJI2d Crim. 4.2. When there is an applicable instruction in the Nebraska Jury Instructions, the court should usually give that instruction to the jury in a criminal case. *State v. Haynie*, 317 Neb. 371, 9 N.W.3d 915 (2024). We note that the jury instructions as given did not include a definition of "possession"; therefore, Settles' request that the court simply refer the jury back to the instructions would have provided no guidance. Instead, in response to the jury's questions, the district court provided a definition of possession that was a correct statement of law. It did not err in this regard, and this assignment of error fails.

## 2. INEFFECTIVE ASSISTANCE OF COUNSEL

Settles assigns that he received ineffective assistance of counsel in three ways. As will be discussed more fully below, we find that Settles' first claim is insufficiently stated, and the record on direct appeal is insufficient to address the remaining claims.

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Haas*, 317 Neb. 919, 12 N.W.3d 787 (2024). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *Id*. The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id*. When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*.

### (a) Prosecutorial Misconduct

Settles assigns that counsel was ineffective for failing to object to comments in the State's closing that constituted prosecutorial misconduct. The assigned error fails to identify the specific statements that were objectionable. Thus, the allegation "require[s] additional information to understand precisely what the assignment attacks." *State v. Lopez*, 321 Neb. 118, 149, 32 N.W.3d 868 (2026).

In *State v. Anders*, 311 Neb. 958, 977 N.W.2d 234 (2022), the Nebraska Supreme Court found that a claim of ineffective assistance of counsel assigning trial counsel was ineffective in failing to object to inadmissible single, double, and triple hearsay was insufficiently assigned. The court stated that the "assignment of error does not allege what specific testimony his trial counsel should have objected to as inadmissible hearsay. This court shall not scour [appellant's] brief to rectify his lack of specificity. Therefore, we will not address this claim of ineffective assistance of counsel." *Id*. at 980-81, 977 N.W.2d 234, 253.

Here, Settles fails to assign the objectionable comments to which he claims trial counsel should have objected. Settles cannot use the argument section of his brief to identify, for the first time, the objectionable comments. See *Lopez, supra.* We find that this assignment does not allege

- 4 -

deficient conduct with the required specificity to raise, on direct appeal, a claim of ineffective assistance of counsel. We do not address it further.

### (b) Other Witnesses

Settles assigns that counsel was ineffective in failing to adequately investigate the other witnesses known to be present during the incident. The State contends this error is insufficiently assigned because of its failure to identify the other witnesses. In his reply brief, Settles argues that there was a description of witnesses that should have been investigated, specifically those present at the scene around the time of the incident. We find that the allegation is stated with sufficient specificity such that it has alleged a claim of ineffective assistance of counsel. However, the record on direct appeal is insufficient to address this claim.

In *State v. Blake*, 310 Neb. 769, 797, 969 N.W.2d 399, 420 (2022), the appellant asserted that "trial counsel was ineffective by not properly investigating Blake's claimed innocence by interviewing certain named witnesses and getting statements from them." In finding the record on direct appeal was not sufficient to address this claim, but that it was preserved for postconviction review, the Supreme Court stated that it was

> sufficient that appellate counsel give on direct appeal the names or descriptions of any uncalled witnesses forming the basis of a claim of ineffective assistance of trial counsel. Such specificity is necessary so that the postconviction court may later identify whether a particular claim of failing to investigate a witness is the same one that was raised on direct appeal.

*Id.* at 798-99, 969 N.W.2d at 421. See S*tate v. Thomas*, 311 Neb. 989, 977 N.W.2d 258 (2022) (claim that counsel was ineffective for failing to investigate unidentified witnesses is preserved if defendant provides names or descriptions of any such witnesses).

Here, Settles provided the description of witnesses whom he alleged trial counsel failed to adequately investigate, that being the finite group of people present at the time of the incident. There is no information in the record to explain trial counsel's reasons for failing to investigate the other witnesses present at the scene during the altercation. However, the allegation is sufficient to allow a postconviction court to identify if a claim that trial counsel was ineffective in failing to adequately investigate a witness is the same one that was raised on direct appeal. Although the record on direct appeal is insufficient to address this claim, it is preserved for postconviction review.

### (c) Forensics and DNA Expert

Settles assigns that counsel was ineffective in failing to put on a forensics and DNA expert to address the likelihood that Settles would have left DNA on the gun had he handled it the way described in Toussaint's testimony. The State asserts that the record is insufficient to address this claim on direct appeal. We find that this assigned error is alleged with sufficient specificity to raise a claim of ineffective assistance of counsel. We agree with the State that the record on direct appeal is insufficient to address this claim. See *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014) (record on direct appeal insufficient to resolve claim counsel was ineffective in failing to consult and present testimony of DNA expert witness). It is preserved for postconviction review.

## VI. CONCLUSION

We find that the district court did not err in its response to the jury's questions. The record on direct appeal is insufficient to resolve Settles' claims that he received ineffective assistance of counsel as it relates to the failure to adequately investigate other witnesses known to be present during the incident and failure to present the testimony of a forensics and DNA expert. These claims are preserved for postconviction review. Settles' remaining claim of ineffective assistance of counsel is insufficiently pled to preserve this error for postconviction review.

AFFIRMED.